Michael W. Malter (SBN 96533)
Julie H. Rome-Banks, Esq. (SBN 142364)
Binder & Malter, LLP
2775 Park Avenue
Santa Clara, CA 95050
T: (408) 295-1700
F: (408) 295-1531
Email: Michael@bindermalter.com
Email: Julie@bindermalter.com

Proposed Attorneys for Debtors and Plaintiffs

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA - DIVISION 5

| | |
|---|---|
| In re:<br><br>DERON JAMES ROBERTSON and<br>JANETTE ELIZABETH ROBERTSON,<br><br>Debtors. | Case No. 19-52599-SLJ<br><br>Chapter 11 |
| DERON JAMES ROBERTSON and<br>JANETTE ELIZABETH ROBERTSON,<br>Debtors-in-Possession,<br><br>Plaintiffs,<br>v.<br><br>RAJIV DHARNIDHARKA and DLA PIPER LLP,<br><br>Defendants. | Adver. Proc. |

## COMPLAINT FOR AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS
### (11 U.S.C. §§547, 550)

DERON JAMES ROBERTSON and JANETTE ELIZABETH ROBERTSON (hereinafter "Plaintiffs" or "Debtors") do hereby allege as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §1334.

2. Venue is proper before this Court pursuant to 28 U.S.C. §1409(a) by virtue of the Chapter 11 case pending before the United States Bankruptcy Court for the Northern District of California, San Jose Division (In re Deron Robertson and Janette Robertson, Case No. 19-52599-SLJ (the "Bankruptcy Case").

3. Plaintiffs filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on December 27, 2019.

4. This Complaint is filed pursuant to Fed. R. Bank. Proc. 7001(1) and (2).

5. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (F), (K) and (O). The first, second, and third claims for relief are brought under provisions of the United States Bankruptcy Code and the Bankruptcy Court has jurisdiction to enter final orders and judgments as to those claims.

## GENERAL ALLEGATIONS

6. Plaintiffs filed a voluntary petition under Chapter 11 on December 27, 2019, (the "Petition Date") in the above-referenced Court initiating the Bankruptcy Case, which Bankruptcy Case is pending at this time. No trustee has been appointed and Plaintiffs remain debtors-in-possession pursuant to 11 U.S.C. §§1107 and 1108.

7. Defendant RAJIV DHARNIDHARKA ("Defendant DHARNIDHARKA") is an attorney licensed to practice by the State of California and engaged in the practice of law with Defendant DLA PIPER LLP ("Defendant DLA Piper", together with Defendant DHARNIDHARKA are the "Defendants") from their principal place of business in East Palo Alto, California.

8. In or about August 2012, Plaintiffs retained Defendant DLA Piper to provide professional legal advice and represent Plaintiffs regarding a dispute when Plaintiffs were sued by family members James Garrett and Rosalena Garrett for the rights to operate their business, Greenlee's Cinnamon Bread and More along with a related storefront bakery located in San Jose known as Greenlee's Bakery (collectively "Greenlee's").

9. Approximately four years later, following a bench trial, the Santa Clara County Superior Court entered a judgment against the Debtors and Greenlee's and in favor of the plaintiff therein for back wages in the amount of $555,500 plus prejudgment interest.

10. Defendant DLA Piper dragged the Plaintiffs through nearly four years of unconscionably expensive litigation rife with gross overstaffing, over billing, and block billing; all which culminated in a net loss trial judgment for Plaintiffs along with legal bills that Defendant DLA Piper had advance knowledge that Plaintiffs could never afford.

11. Following the culmination of the lawsuit, the legal fees and costs billed by DLA Piper to Plaintiffs totaled over $4.5 million stemming from the aforementioned legal representation.

12. On August 1, 2016, Defendant DLA Piper LLP's representation of the Plaintiffs ended.

13. Plaintiffs disputed the total fees and charges due to Defendant DLA Piper and, on or about September 27, 2016, Plaintiffs submitted a request to Palo Alto Area Bar Association for non-binding arbitration pursuant to California Business & Professions Code §§6200 *et seq*.

14. Arbitration was held on April 4, 2018 and September 21, 2018 in Palo Alto, California before a three-person fee arbitration panel. Plaintiffs appeared at the arbitration hearings in person and with counsel.

15. On September 21, 2018, the Plaintiffs and Defendants entered into a Tolling Agreement (the "First Tolling Agreement"), tolling the statute of limitations period under California Code of Civil Procedure §340.6 from September 21, 2018 through February 28, 2019.

16. On April 1, 2019, the Plaintiffs and Defendants entered into a Tolling Agreement (the "Second Tolling Agreement"), further tolling the statute of limitations period under California Code of Civil Procedure §340.6. from April 1, 2019 through October 31, 2019.

17. An Arbitration Findings and Award (the "Award") was served on the parties thereto via email by the fee arbitration panel on or about April 16, 2019.

18. The Award ordered Plaintiffs to pay Defendant DLA Piper $2 million in attorney fees' and costs plus interest at the prevailing legal rate per annum from July 11, 2018.

19. The exact amount of attorneys' fees and costs at dispute was and is $4,637,549.00, of which amount Plaintiffs have paid Defendant DLA Piper $900,000.00.

20. Thereafter Defendants filed a petition in the Santa Clara County Superior Court to confirm the Award and for entry of judgment against Plaintiffs in the matter styled as *Rajiv Dharnidharka, DLA Piper LLP, vs. Deron Robertson and Janette Robertson*, Case No. 19-CV-348437 (the "Fee Action"). Despite opposing the petition to confirm the Award, judgment was entered in favor of Defendants and against Plaintiffs in the Fee Action by the Santa Clara County Superior Court on August 15, 2019 in the amount of $2,000,000.00 (the "Fee Judgment").

21. Defendants sought to enforce the Fee Judgment against Plaintiffs, including recording an Abstract of Judgment in Santa Cruz County on September 30, 2019 (the "Abstract of Judgment"). A true and correct copy of the Abstract of Judgment recorded in Santa Cruz County is attached hereto as Exhibit "A" and is incorporated herein by reference.

22. In addition, Defendants sought to enforce the Fee Judgment against Plaintiffs by filing with the Santa Clara County Superior Court applications and proposed orders for Plaintiffs to appear for examination to enforce the Fee Judgment. Such actions by Defendants resulted in the entry of two separate Orders to Appear for Examination on November 19, 2019 against Plaintiffs (the "OEXs"), true and correct copies of which are attached hereto as Exhibits "B" and "C" along with their respective subpoenas and proofs of service and are incorporated herein by such reference. Plaintiffs were personally served with the OEXs on or about December 12, 2019.

## FIRST CLAIM FOR RELIEF
### AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS;
### (11 U.S.C. §§ 547, 550)

23. Plaintiffs incorporate by reference the foregoing allegations, as though fully set forth herein.

24. The recording of the Abstract of Judgment created a lien on real property owned by Plaintiff Janette Robertson located in Santa Cruz County ("the Abstract Lien"), specifically 2913 Granite Creek Road, Scotts Valley, Santa Cruz County, California (the "Real Property").

25. The creation of the Abstract Lien amounts to a transfer by Plaintiffs to Defendants of an interest in the Real Property (the "First Transfer").

26. The First Transfer was made within 90 days of the date that Plaintiffs commenced the Bankruptcy Case.

27. The First Transfer was made at a time when Plaintiffs were insolvent.

28. The First Transfer enabled Defendants to improve their position as a creditor from an unsecured creditor to a secured creditor. The First Transfer thereby enabled Defendants to receive more than Defendants would have received on account of the debt owing to Defendants if the Bankruptcy Case were a case under Chapter 7 of this title, the First Transfer had not been made, and Defendants were only entitled to payment on account of their debt as an unsecured creditor.

29. By reason of the foregoing, and pursuant to 11 U.S.C. §550, Defendants are liable to Plaintiffs for an avoidable, preferential transfer.

WHEREFORE, Plaintiffs pray for judgment against Defendants as set forth below.

## SECOND CLAIM FOR RELIEF
## AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS;
## (11 U.S.C. §§ 547, 550)

30. Plaintiffs incorporate by reference paragraphs 1 through 29 as though fully set forth herein.

31. The issuance of the OEXs by the Santa Clara County Superior Court coupled with the service of the OEXs upon the Plaintiffs herein, created liens upon the non-exempt personal property of the Plaintiffs, as provided in California Code of Civil Procedure §708.110 (the "OEX Liens").

32. The creation of the OEX Liens amounts to a transfer by Plaintiffs to Defendants of an interest in the nonexempt personal property of the Plaintiffs (the "Second Transfers").

33. The Second Transfers were made within 90 days of the date that Plaintiffs commenced the Bankruptcy Case.

34. The Second Transfers were made at a time when Plaintiffs were insolvent.

35. The Second Transfers enabled Defendants to improve their position as a creditor from an unsecured creditor to a secured creditor. The Second Transfers thereby enabled

COMPLAINT FOR AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS  Page 5
Case: 19-52599    Doc# 3    Filed: 12/27/19    Entered: 12/27/19 16:38:45    Page 5 of 6

Defendants to receive more than Defendants would have received on account of the debt owing to Defendants if the Bankruptcy Case were a case under Chapter 7 of this title, the Second Transfers had not been made, and Defendants were only entitled to payment on account of their debt as an unsecured creditor.

36. By reason of the foregoing, and pursuant to 11 U.S.C. §550, Defendants are liable to Plaintiffs for an avoidable, preferential transfers.

WHEREFORE, Plaintiffs pray for Judgment against Defendants as follows:

## PRAYER FOR RELIEF

A. On the First Claim for Relief, for a judgment for Plaintiffs and against the Defendants, jointly and severally, providing that the Abstract Lien shall be avoided as a preferential transfer and shall be expunged from the Real Property;

B. On the Second Claim for Relief, for a judgment for Plaintiffs and against the Defendants, jointly and severally, providing that the OEX Liens shall be avoided as preferential transfers from the nonexempt personal property of the Plaintiffs;

C. On all claims of relief, for Plaintiffs' costs of suit incurred herein, and to the extent allowable, all attorneys' fees; and,

D. For such other and further relief as the Court deems just and proper.

Dated: December 27, 2019                                BINDER & MALTER, LLP

By: /s/ Julie H. Rome-Banks
Julie H. Rome-Banks
Proposed Attorneys for Debtors and Plaintiffs